UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA WHITE,

                              Plaintiff,

                      -vs-                                      14-CV-606-JTC

HOFFMAN, WEINBERG and O'BRIEN, LLC

                              Defendant.

---

## INTRODUCTION

On March 26, 2015, the court granted plaintiff's motion for default judgment, awarding plaintiff Lisa White $500 in statutory damages for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Plaintiff now seeks an award of attorney's fees and costs under the statute.  Item 9.  For the following reasons, plaintiff's motion is granted.

## DISCUSSION

The FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).  There is a presumption in favor of the hourly rates

employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney of record has affirmed that he and two other attorneys expended 4.5 hours of time on the case, while a paralegal spent 3.7 hours.[1]  The hourly rates sought range from $125 per hour for the paralegal, $250 per hour for a new associate, and $300 per hour for an attorney with approximately five years' experience, to $375 per hour for the principal partner in the law firm.  Item 9-1.

The court finds the number of hours expended on the case to be reasonable, but the requested hourly rates excessive when compared to the prevailing market rates in this district for FDCPA cases.  *See Halecki v. Empire Portfolios, Inc.,*  --- F.Supp.2d ----, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff).  Accordingly, the court determines that the hourly rates should be reduced to $250 per hour for the experienced attorneys, $175 per hour for the new attorney, and $75 per hour for the

---

[1] In his declaration in support of the motion for attorney's fees, attorney Sergei Lemberg indicates that the firms' attorneys actually expended five hours on the case.  *See* Item 9-1.

paralegal. Accordingly, the court awards attorney's fees in the amount of $1,340 - 2.5 hours at $250 per hour ($625), 2.5 hours at $175 per hour ($437.50) and 3.7 hours at $75 per hour ($277.50). The court finds the request for costs to be reasonable and awards $480.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for attorney's fees and costs (Item 9) is GRANTED. Plaintiff is awarded $1,340 in attorney's fees and $480 in costs for defendant's violations of the FDCPA.

So Ordered.

\_\_\_\_\_\s\ John T. Curtin\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: April 15, 2015